UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALONSO ESCOBAR CHACON,
JOSE HERNAN CHACON,
RONALD ARON CHACON MEJIA,
JASSON ANTONIO RUIZ,
CARLOS CHACON MEJIA, and
GERVIN CHACON MEJIA,

    Plaintiffs,

v.                                                                2:24-cv-415-JLB-NPM

SW FLORIDA SERVICES, INC.,
and VITTORIO BONANNO,

    Defendants.

**ORDER**

This FLSA action for unpaid wages arises from defendants SW Florida Services, Inc.[1] and Vittorio Bonanno doing business in this state. At the time in question, it also appears that Bonanno was a Florida citizen. (Doc. 1 at 3). So we do not doubt that this court has personal jurisdiction—at a minimum specific, if not general jurisdiction, over Bonanno.

---

[1] Plaintiffs attempted to serve defendant SW Florida Services, Inc. through its registered agent, Vittorio Bonanno, but were unable to do so. After several unsuccessful attempts to effect service, the Florida Secretary of State accepted service of process in accordance with Fla. Stat. § 48.081(4). Plaintiffs also served a copy of the summons and complaint to SW Florida Services, Inc.'s registered address, and filed an affidavit of compliance with the court. (Doc. 18). Thereafter, clerk's default was entered against SW Florida Services, Inc. (Doc. 25).

To no avail, plaintiffs attempted to serve Bonanno on several occasions, both individually and as the registered agent for SW Florida Services, Inc. On May 15, 2024, service was attempted at 514 Showalter Ave., in Punta Gorda, Florida,[2] but the current resident did not know Bonanno. (Doc. 23 at 1-2). Plaintiff's counsel also conducted a skip trace for Bonanno, which revealed an address in Englewood, Florida, where Bonanno's mother resided. However, Bonanno was not at this location and his mother said she had no contact with him. *Id.* at 2. Plaintiff counsel called Bonanno's cell phone and spoke with him on June 28, 2024, during which Bonanno was advised of this lawsuit and a request was made for an address where he could be served. *Id.* While Bonanno refused to provide an address, he claimed that he was living in New York, that he might hire a lawyer, and he would send his current address to plaintiff counsel via text message. Nevertheless, no attorney appeared on Bonanno's behalf, and he never provided an address. *Id.* at 3.

On July 8, 2022, plaintiff counsel called Bonanno's cell phone, but Bonanno never answered the phone or responded to the call. (Doc. 23 at 3). On July 22, 2024, an individual contacted plaintiff counsel, claiming to be an attorney and provided an address in Port Charlotte, Florida, where defendants could be served. But once more, plaintiffs were not able to effect service at the address because it was vacant. *Id.* Due

---

[2] This is the principal address reported to the Florida Division of Corporations for the business and its registered agent, Bonanno. (Doc. 23 at 1-2).

- 2 -

to multiple failed attempts to effect service, plaintiffs filed a motion with the court for an extension of time to effect service and for leave to conduct pre-service discovery to identify Bonanno's location, which the court granted on July 25, 2024. (Doc. 12). As ordered by the court, plaintiffs served a copy of this order to Bonanno via text, email, and mail.[3] (Doc. 23 at 4). Plaintiff counsel called Bonanno again, and while he answered the phone, he refused to provide an address and stated his lawyer would be in contact. *Id.* But, unsurprisingly, this proved to be a lie. After further attempts to contact Bonanno by telephone, plaintiff conducted pre-service discovery to identify his location. *Id.* However, the discovery revealed the same address in Punta Gorda that previously resulted in unsuccessful service. *Id.*

Under the belief that Bonanno is concealing his whereabouts and evading service, plaintiffs served the Florida Secretary of State pursuant to Fla. Stat. §§ 48.161 and 48.181. On September 5, 2024, the Secretary of State accepted service for Bonanno, and plaintiffs served the summons and complaint upon Bonanno via mail, text, and email. *Id.* at 5, 12-19. Plaintiffs now request that we deem substitute service of process complete, and they move for entry of clerk's default against Bonanno. (Doc. 26).

---

[3] The order warned that "[i]f Bonanno refuses to waive and continues to evade service, then the court may have to tax him for all expenses incurred by plaintiffs in their effort to effect service." (Doc. 12 at 2).

Service on an individual concealing his whereabouts is governed by Fla. Stat. § 48.181, which provides in pertinent part:

> Any individual . . . that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against it . . . arising out of any transaction or operation connected with or incidental to any business or business venture carried on this state by such individual or business entity . . . . Service pursuant to this section must be effectuated in the manner prescribed by s. 48.161.

Fla. Stat. § 48.181(4), (6), amended by 2022 Fla. Laws ch. 2022-190, 14-15 (effective January 2, 2023).

Section 48.161 provides the method for effecting substitute service and requires that "before using the substitute service statutes, a plaintiff must show due diligence was exercised in attempting to locate and effectuate personal service on the party." Fla. Stat. § 48.161(2); *see also HDI Glob. Ins. Co.*, No. 22-22235-cv-Altonaga/Torres, 2023 WL 3778241, *2 (S.D. Fla. May 5, 2023). To meet this standard, a plaintiff must justify the use of substitute service by demonstrating he or she (1) made a diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances; (2) reasonably employed knowledge at its command; and (3) made an appropriate number of attempts to serve the party under the circumstances. Fla. Stat. § 48.161(3), (4)(a)-(c). Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions. *McGlynn v. El Sol Media Network Inc.*, No. 6:23-cv-531-PGB-LHP, 2024 WL 4201917, *4 (M.D. Fla. July 12, 2024) (citation omitted).

On this score, we find that plaintiffs properly effected substituted service. To begin with, it is clear that Bonanno was concealing his whereabouts because he obtained knowledge that plaintiff counsel was trying to serve him with the complaint and summons when they spoke on the telephone. And despite Bonanno saying he was going to provide an effective address for service, he never did. Nor did Bonanno ever respond to plaintiff counsel's text messages or emails.

Plaintiffs have also demonstrated that they exercised due diligence to locate and attempt service on Bonanno. They made a diligent inquiry and exerted an honest and conscientious effort. Indeed, plaintiffs attempted to served Bonanno at the registered-agent address for his company. Plaintiffs exerted further effort by conducting a skip-trace and pre-service discovery to obtain Bonanno's location. Finally, plaintiff counsel obtained Bonanno's cell phone number from plaintiffs and made multiple contacts with Bonanno in an effort to serve him.

Plaintiffs also reasonably employed the knowledge at their command by directing the process server to attempt service at the business address, the address obtained by the skip-trace, and to the address provided by Bonanno's purported lawyer. Not only that, plaintiff counsel sent a copy of the court's order to Bonanno's cell phone and attempted to call him on multiple occasions to obtain an address for service of process.

Third, plaintiffs made an appropriate number of attempts to serve Bonanno, "taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process." Fla. Stat. § 48.161(3)(c). The number of attempts is reasonable, particularly in light of the evidence establishing that Bonanno is concealing his whereabouts. At this point, additional attempts would likely be futile. To be sure, "the rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-CV-665-T-33EAJ, 2011 WL 3296812, *5 (M.D. Fla. Aug. 2, 2011).

Finally, plaintiffs have also provided sufficient evidence showing that the Secretary of State was properly served in accordance with § 48.161.[4] As noted above, plaintiffs sent a copy of the summons and the complaint to the Florida Department of State on September 5, 2024, which was accepted by the Secretary of State. (Doc. 23 at 5, 12). Plaintiffs also provided notice of service to Bonanno via

---

[4] To effect proper substituted service of process on a defendant concealing its whereabouts under § 48.161, a plaintiff must: (1) serve the Secretary of State by providing a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effect personal service on the party before using substituted service. Fla. Stat. § 48.161(1)-(2)

certified mail, text message, and email. *Id.* at 14-19. And the next day, plaintiffs filed their affidavit of compliance that establishes that substitute service was proper. *Id.* at 1-19.

Having found that Bonanno is concealing his whereabouts and that substituted service is appropriate and was properly executed, plaintiffs' motion for entry of clerk's default against defendant Bonanno (Doc. 26) is **GRANTED**. The clerk is directed to enter default as to Bonanno. *See* Fed. R. Civ. P. 55(a).

**ORDERED** on March 13, 2025

NICHOLAS P. MIZELL
United States Magistrate Judge